IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| SHAWNTA WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| CENTENE MANAGEMENT COMPANY, LLC, and HEALTHCARE SUPPORT STAFFING, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, SHAWNTA WALKER, ("PLAINTIFF"), and files this Complaint against Defendants, CENTENE MANAGEMENT COMPANY, LLC ("CENTENE") and HEALTHCARE SUPPORT STAFFING, INC., ("HSS") (collectively "DEFENDANTS") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANTS for violations of the Americans with Disabilities Act and the Florida Civil Rights Act.

2. At all relevant times, PLAINTIFF, was a citizen and resident of Alachua County, Florida.

3. At all material times, DEFENDANT CENTENE was a Wisconsin corporation and a multi-line managed care enterprise that served as an intermediary for both government-sponsored and privately insured health care programs including in Alachua County, Florida, which is where PLAINTIFF worked at all relevant times.

4. At all material times, DEFENDANT HSS was a Florida corporation that provided temporary staffing to companies such as CENTENE and it was through HSS that PLAINTIFF worked for CENTENE.

5. DEFENDANTS were joint employers with regard to PLAINTIFF and "employers" within the meaning of 42 U.S.C. §§ 12111(5) in that they engaged in an industry affecting commerce and each had more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

**BACKGROUND**

6. On or about October 15, 2018, HSS hired PLAINTIFF to work as a care coordinator and she was placed with CENTENE.

7. On or about February 12, 2019, PLAINTIFF informed her supervisor that she was undergoing testing for cancer and she requested to be accommodated by receiving flexible scheduling so she could attend treatments.

8. PLAINTIFF was diagnosed with Stage 3 breast cancer and received chemotherapy. In or around March 26, 2019, PLAINTIFF had an incident during which she became dizzy and disoriented while attending a party at a client's house. A co-worker who was at the party took PLAINTIFF to the emergency room and it was discovered that PLAINTIFF had extremely low blood pressure due to her recent chemotherapy treatment. Upon information and belief, the co-worker reported the incident to PLAINTIFF'S supervisor and PLAINTIFF was terminated within a week.

9. At all relevant times, PLAINTIFF was qualified to perform the jobs she held while employed by DEFENDANTS with or without a reasonable accommodation.

10. At all relevant times, DEFENDANTS acted through their officers, agents, servants and

employees.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 42 U.S.C. §§ 12101, *et seq*.

## COUNT I
## ADA DISCRIMINATION

12. Paragraphs 1 through 11 are hereby incorporated by reference as though fully set forth herein.

13. PLAINTIFF was disabled because she had cancer and DEFENDANTS regarded PLAINTIFF as disabled.

14. PLAINTIFF was terminated because of her disability and/or because DEFENDANTS regarded PLAINTIFF as disabled.

15. As a result of her termination, PLAINTIFF has suffered embarrassment, lost wages, emotional distress and mental pain and anguish.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT

16. Paragraphs 1 through 11 are hereby incorporated by reference as though fully set forth herein.

17. PLAINTIFF was disabled because she had cancer and DEFENDANTS regarded PLAINTIFF as disabled.

18. PLAINTIFF was terminated because of her disability and/or because DEFENDANTS regarded PLAINTIFF as disabled.

19. As a result of her termination, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Civil Rights Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:   March 31, 2020

          Respectfully submitted,

          **THE LAW OFFICE OF MATTHEW BIRK**

          **/s/ Matthew W. Birk**
          **Matthew W. Birk**
          Florida Bar No.:  92265
          309 NE 1st Street
          Gainesville, FL  32601
          (352) 244-2069
          (352) 372-3464 FAX
          mbirk@gainesvilleemploymentlaw.com
          ATTORNEYS FOR PLAINTIFF